HEIRS OF JUAN BARRIOS Y PRADO, Plaintiffs and Appellants, v. FRANCISCO JIMÉNEZ MORALES ET AL., Defendants and Appellees.

No. 5085. Argued November 25, 1929.—Decided December 4, 1929.

*Luis A. Castro,* for appellants. *Dubón & Ochoteco,* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

On May 17, 1929, there was filed in the District Court of San Juan the notice of appeal from the judgment rendered by said court in the case herein. The appellants applied for a transcript of the evidence, for the preparation of which 20 days were allowed to the stenographer, and then for an extension of 60 days with an additional one of 30 days, which expired on September 23, 1929. It is alleged by the plaintiffs that on the latter date they applied for an extension, but that owing to the neglect or inadvertence of the person commissioned to file the motion the same was not filed until the 25th of September. The court denied the motion for an extension for lack of jurisdiction to hear the same.

On the 28th of last September the appellants applied to a justice of this court sitting in vacation for the extension which had been refused by the district judge, and on the 30th of the same month they filed a similar application to this court together with supporting affidavits. The appellees oppose this motion on the ground of negligence on the part of the appellants, and because of their failure to file the transcript in this court, notwithstanding the fact that more than 90 days have elapsed since the filing of the appeal.

The appellees have moved to dismiss the appeal on the ground that the appellants have allowed the time for making the transcript of the evidence and likewise the time for filing the record of appeal to elapse, without preparing the former or filing the latter.

Both these motions were heard by this court at the same time.

There is no solid and convincing reason to warrant the granting of the extension sought by the appellants. The negligent omission or careless failure to file in time a motion for an extension is not easily excusable. In the case at bar there is something else that would induce us to deny the motion. On October 18, 1929, Enrique Blanco, in his capacity as one of plaintiffs herein, filed a motion in the lower court in which, alleging that the transcript of the evidence had not been made and that he lacked money to meet the expenses of the appeal, "for which reason he is prevented from proceeding with the same," he applied for the return of the sum deposited to secure the stenographer's fees. The stenographer acquiesced therein and the judge issued an order accordingly.

As to the dismissal of the appeal we will say that the grounds urged by appellees are sufficient and are sustained by the moving papers.

The extension sought is refused and the appeal dismissed.